■ The People of the State of New York, Plaintiff, v. Frank Cocca, Defendant.— Application for a stay of proceedings in the County Court, Albany County, pending determination of the appeal to this court. Application denied. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ The People of the State of New York ex rel. William Wheeler, Appellant, against W. Cecil Johnston, as Director of Dannemora State Hospital, Respondent.— Motion to vacate an order which denied petitioner's application for a writ of habeas corpus denied, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ Melanie Kallos, Appellant, v. State of New York, Respondent.— Motion for leave to prosecute appeal as a poor person granted. The appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Motion for an enlargement of time within which to perfect appeal granted and the time is extended for 90 days. Motion in all other respects denied. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

## (May 26, 1960)

■ In the Matter of Thomas Restani, Doing Business as Cadillac Lounge & Restaurant, Respondent. Martin P. Catherwood, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board. The Industrial Commissioner made an initial determination assessing the employer, who operates a restaurant, for unemployment insurance contributions on wages paid to musicians. The determination has been modified by the Unemployment Insurance Appeal Board by reversing the assessment except in certain particulars not here in dispute. We are of opinion the Commissioner's determination of liability for assessments was right and should have been sustained as a matter of law and that there is no substantial evidence in support of the board's finding that the musicians were not employees of the employer. The question turns on the right of control under the facts of the case. The written agreement between the employer and the American Federation of Musicians representing the employed musicians provided that this employer "shall at all times have complete control of the services which the employees will render". The proof of actual performance of the contract did not run counter to the explicit vesting of control; it was consistent with it and showed actual control. Determination of the Unemployment Insurance Appeal Board reversed and initial determination of the Industrial Commissioner reinstated, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.